**Michael L. BERNBACK, Appellant,**

v.

**Thomas GRECO, individually and as President of Harvey's Lake Amphitheater, Inc. (Amended per order dated 6/16/04).**

No. 04–2494.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) March 7, 2005.

Decided March 30, 2005.

James Decinti, Angino & Rovner, Harrisburg, PA, for Michael L. Bernback.

Richard C. Angino, Angino & Rovner, Harrisburg, PA, Robert M. Cohen, Wilkes-Barre, PA, for Thomas Greco.

Before SCIRICA, Chief Judge, and ROTH and GREENBERG, Circuit Judges.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on an appeal from an order entered April 29, 2004, in accordance with a memorandum opinion of the district court of that day. Inasmuch as we are writing only for the parties who, of course, are familiar with this case, we need not set forth its facts or procedural history. The issue in this case is quite simple and is stated fairly by Michael L. Bernback, the appellant: whether interest on an award of attorneys fees and expenses accrues from the date of the original judgment on a jury verdict entitling a party to attorneys fee and expenses, in this case November 6, 2000, or, as the appellee Thomas Greco argues, from the time when a judgment was entered on the award of attorneys fees and expenses after they were quantified, in this case, July 29, 2002. The district court selected the later date and Bernback has appealed.

The district court exercised diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and we exercise jurisdiction under 28 U.S.C. § 1291. We exercise plenary review as the question is purely of law. *Tudor Dev. Group, Inc. v. United States Fid. & Guar. Co.*, 968 F.2d 357, 359 (3d Cir.1992).

We will affirm as our result is controlled by our opinion in *Eaves v. County of Cape May*, 239 F.3d 527, 542 (3d Cir.2001). Bernback's brief, which argues for interest from the earlier date and cites precedent from other courts of appeal in support of

this contention, necessarily is of no avail as it is dependent on his assertion that we "wrongly followed the so-called minority view," appellant's br. at 17, in reaching our result in *Eaves*. Of course, we as a panel must reject Bernback's contention as *Eaves* binds us. Third Circuit IOP 9.1.

The order of April 29, 2004, will be affirmed.